UTICA,<br>Aug. 1824.

Burr<br>v.<br>Van Buskirk.

Judgment reversed.

---

## Burr *against* Van Buskirk.

REPLEVIN, for certain goods and chattels of the plaintiff, alleged in the declaration to have been taken *May 8th*, 1821, at house No. 280, *Broadway*, city of *New-York*.

The 13th section of the act concerning distresses, &c. giving a right to distrain goods within a certain time after they are removed, is confined to the continuance of the continuance of the landlord's right and the tenant's possession. Though the landlord's right continue, if the tenant's possession have ceased, there cannot be a distress, within that section, of the tenant's goods removed off the demised premises, though such distress be made within 30 days after the rent fell due.

An avowry of taking goods off the demised premises, for rent arrear, should show affirmatively, that such possession continued, if the lease have expired, or it will be bad on general demurrer.

The 13th section of the act concerning distresses, &c. (1 *R. L.* 437) as amended by the act, (*sess.* 43, *ch.* 194, *s.* 7) authorizes the taking of goods which are removed off the demised premises, within 30 days after the rent for which they are distrained falls due ; but they cannot be distrained for rent which fell due more than 30 days previous to the distress.

The common law did not allow a distress off the premises.

Previous to a distress for rent in the city of *New-York*, the landlord must file an affidavit with the clerk of the city and county, that the rent distrained for is due, according to the act, (*sess.* 38, *ch.* 153.)

The avowry must aver that this was done, or it will be bad on demurrer.

An avowry substantially bad in part is bad for the whole. *E. g.* In an avowry fo· rent, arrear of taking goods off the demised premises, if only a part of the rent avowed for is the subject of distress, the avowry is bad for the whole.

*Avowry,* substantially as follows : " And the said defendant defends the *wrong,* and injury, when, &c. and well avows, &c. because he says that at the time of making the demise unto the said plaintiff, hereinafter next mentioned, and from thence, &c. and at the said time when, &c. he, the said defendant, was and still is lawfully possessed of a certain unexpired term of 30 years from the 25*th* day of *March, A. D.* 1804, of and in all that certain lot, &c. (*describing certain premises in the city of New-York*) and whereof the Rector and inhabitants of the Protestant Episcopal Church in the state of *New-York,* on the said 25*th* day of *March,* were, &c. seised, &c. in fee ; and which, on, &c. they demised to the said defendant, for the term aforesaid, to wit, at, &c. ; and being so possessed, &c. before the said time when, &c. to wit, on the 7*th* day of *November, A. D.* 1816, at, &c. the said defendant, by a certain note or memorandum in writing, bearing date the same day and year last aforesaid, and signed as well by the said defendant as by the said plaintiff, demised to the said plaintiff, and he, the said plaintiff, then and there rented of the said defendant, all that certain dwelling-house and premises, known as house No. 61, *Vesey-street,* in the city of *New-York,* with its appurtenances, being part and parcel of the said lot, piece or parcel of land herein before mentioned and described, and which the said Rector, &c. had heretofore demised to the said defendant, and whereof he was possessed as aforesaid, *to have and to hold,* &c. to him, the said plaintiff, for and during the term of 5 years, from the 1*st* day of *May,* (then) last past, &c. at and for the yearly rent of $250, &c. payable quarterly, &c. on the 1*st* days of *August, November, February,* and *May,* in each and every year of the said term, &c. in and by even and equal portions of $87,50, on each, &c. By virtue of which said demise, &c. he, the said plaintiff entered, &c. and because the sum of $350, for the rent aforesaid, for a part of the 2d quarter and the whole of the two last quarters of the last year of the said term of 5 years, ending on the 1*st* day of *May, A. D.* 1821, and from thence until, and at the said time when, &c. was due and in arrear from the said plaintiff to the said defendant, the residue of the said rent and sum of $350, for

the said last year, to wit, the sum of $87,50 for the 1st quarter, and $12,50, in part and on account of the 2d quarter of the said last year of the said term of 5 years, with all the previous rents having been paid and satisfied; and because the said plaintiff, within 30 days next before the taking of the said goods, &c. or any part thereof, to wit, on the same day and year in the said declaration mentioned, had conveyed and carried off from the aforesaid premises, so as aforesaid demised to him, the said goods and chattels in the said declaration mentioned, being the proper goods and chattels of the said plaintiff, leaving the aforesaid sum of $250, above mentioned, as parcel of the said rent as aforesaid due and unpaid, and had conveyed and carried the said goods and chattels into the said dwelling-house in the said declaration mentioned, in which, &c. he, the said defendant, well avows the taking the said goods and chattels in the aforesaid dwelling-house, in which, &c. at the said time when, &c. after the aforesaid sum of $250, &c. was so in arrear and unpaid as aforesaid, and being within 30 days next after the said goods and chattels, were and had been so conveyed and carried off and from the aforesaid premises demised to the said plaintiff as aforesaid, and justly, &c. as and for a distress for the said sum of $250, &c. and which said sum of $250, still remains due and in arrear to the said defendant, &c. to wit, at, &c. and this, &c. wherefore, &c."

A 2d and 3d avowry followed this, being substantially the same as the first, for the purpose of the questions raised by the counsel or determined by the Court.

Demurrer and joinder to each avowry, assigning, for causes of demurrer, 1. That, upon the facts set forth, the defendant would not have been entitled to a distress at common law; and the avowries shewed no custom, and referred to no statute authorizing the distress. 2. That the avowries were introduced by the words, " comes and defends the *wrong* and injury," &c. whereas they should have been "*force* and injury," &c. 3. That it did not appear by the avowries, that the defendant, previous to making the distress, complied with the requisitions of the " act concerning distresses for rent in the city of *New-York*," passed *April* 11, 1815, by making

UTICA,
Aug. 1824.

Burr
v.
Van Buskirk.

(a) 1 R. L.
437.

(b) Sess. 43,
ch. 194.

an affidavit of the amount of rent due, and filing it as requi-red by that act. (*Vid.* 3 *Laws, sess.* 38, *ch.* 153.) Nor did the avowries in any way refer to the act.

*A. Burr*, in support of the demurrers.

1. The defendant avows upon the 13th section of the act of 1813, commonly called the landlord and tenant act,(a) which allows the landlord to follow the goods for 30 days after their removal, and after the rent becomes due. This section does not authorize a distress, after the determination of the lease. The 17th section of this act gives that pow-er, under several restrictions, one of which is, that the dis-tress, after the determination of the lease, must be made du-ring the continuance of the tenant's possession. But this section does not allow the distress to be made off the prem-ises. That is done by the 13th section, but then the distress must be made during the continuance of the lease. By com-mon law a distress could not be made off the premises. We have no statute authorizing a distress, after the determination of the lease, *off the premises ;* nor have the English. Such a distress would be illegal.

In his avowries, the defendant shews that he distrained the goods after the lease was determined, and off from the premises, bringing himself within the provisions of the 13th section ; and, *mutatis mutandis,* he follows the English pre-cedents under 8 *Anne, c.* 14, *s.* 1, 2, from which the 13th sec-tion of our statute is taken. The 6th and 7th sections of this statute of *Anne,* give the power of distress after the deter-mination of the lease. The 17th section of our statute is, in all essential parts, a transcript of the 6th and 7th sections of *Anne.*

2. The 13th section of the act of 1813, upon which the defendant avows, is repealed by the 7th section of the act of 1820.(b) He has, therefore, shewn no authority for making the distress ; for a distress at common law was not allowed off the premises. This is good cause of general demurrer.

3. The avowries do not shew a conformity to the requisi-tions of the statute of the 11th *April,* 1815, (*sess.* 38, *ch.* 153) which requires an affidavit to be made and filed previ-

ously to a distress, in the city of *New-York.* This is a publick act, though not declared to be so expressly ; for it is, in effect, only an amendment to the general act relating to the city, of 1813, which is publick ; and it creates a penalty which is equivalent to a forfeiture ; and it concerns the people, for they must sue for the penalty.

4. The defendant confesses a distress off the premises, for rent which had been due longer than 30 days. This is not authorized by any statute ; and if the defendant had avowed upon the right statute, (*statute of* 1820) he would be a wrong-doer, by his own shewing ; for the statute of 1820 extends the power of distress off the premises, to 30 days only, after the rent became due ; so that he had only a right to distrain for the last quarter ; what remained upon the previous quarter having been due more than 30 days before the distress. The avowries are entire, and being bad for part, are-bad for the whole.

5. The fee in all the avowries, is laid in the corporation of Trinity Church. . Corporations cannot hold real estate without authority by statute, and no statute is set out or referred to, giving that authority.

*E. Williams,* contra. The answer to the first cause of demurrer is, that the right of distress, in all cases, is incident to the lease, and herein the *act is* a *public one.* The Court will take notice of it, without its being pleaded or referred to.

The formal objection, that *wrong* is used instead of *force,* is contradicted by all the precedents of avowries, to be found in the books of practice. The word "*force,*" is not substituted for " *wrong*" in all actions of *tort.* It is *only* used in such actions of *tort* as are accompanied by force, such as *trespass vi et armis,* either to the person, or to property real or personal. But no *force* is presumed in replevin. The gist of his action consists *not* in the *wrongful taking,* but in the *wrongful detaining* of the goods, &c. which negatives the dea of *force.*

If no affidavit was made or filed, the plaintiff should have availed himself of the omission by plea. It is in the nature of a *proviso* in the statute, and the party pleading need not

UTICA,
Aug. 1824.

Burr
v.
Van Buskirk.

(c) 1 R. L.
437.

negative or aver it in the first instance, but may leave him self, if the opposite party should take advantage of it by plea, to reply as the facts and nature of the case may require.

The old statute, giving a right to distrain goods off the premises, was an enlargement of the common law right of distress ; an extension of that right to goods removed off the demised premises, if exercised within 30 days after the goods are removed, for any rent which would reach them on the premises, provided they had continued there during that time. But the provisions of the 13th section of that act(c) were defective. If the tenant removed his goods more than 30 days before the rent fell due, he evaded the distress. The rent not being due at the time of the removal, the landlord could not then distrain ; and when the rent accrued, his right was no better, because the 30 days had expired. It being found that the 13th section of the old act thus defeated its own object, it was amended by the 7th section of the statute, (sess. 43, ch. 194,) which extends the right conferred by the old law to 30 days after the rent falls due, leaving it in full force as to all the rent which had fallen due at any time previous to a removal of the goods. The last repeals only the repugnant parts of the previous section. Standing together, they read thus : " the landlord may distrain the goods for any rent due at the time of, or within 30 days after their removal, and for any rent which may afterwards accrue, within 30 days after it becomes due and payable." The old was repugnant to the new section in the single particular only, that it confined the taking in all cases to 30 days from the act of removal. The entire rent became due the 1st of May, and the landlord had a right, within these statutes, to an entire distress for the whole, within 30 days after the removal. The opposite construction would drive the landlord to different remedies, for different quarters of the same rent.

*Curia*, per WOODWORTH, J. It appears from the avowries that the defendant demised to the plaintiff certain premises in *New-York*, for the term of five years, ending on the 1st *May*, 1821, at the yearly rent of $350, payable quarterly. The defendant avows the taking of the goods off the premises, on the 8th *May*, 1821, for $250 rent in arrear, being for

the rent of the two last quarters, and a part of the second quarter of the last year ; the plaintiff having removed the goods from the demised premises within 30 days previous to the time of making the distress. The lease having terminated on the 1st May, 1821, the first question is, whether the remedy by distress is applicable to this case.

The 13th section of the act concerning distresses, (1 *R. L.* 437,) declares, that if the lessee, shall convey his goods or chattels from the demised premises, leaving the rent unpaid, it shall be lawful for the lessor, within 30 days, to seize the goods as a distress. The remedy thus given is operative, during the continuance of the lease only. After the term has expired, the lessor, by this section, had no other than the common law remedy, which did not allow a distress off the premises. That this is the construction to be given, is apparent by adverting to the 16th and 17th sections of the same act, which, after reciting that lessees for years frequently hold over the tenements demised, after the determination of the lease, and that after the determination of such lease, no distress by law can be made for arrears of rent that grew due previous to such determination, gives the right to distrain in such cases, in the same manner the lessor might have done, if the lease had not been determined ; provided the distress be made within six months, and during the continuance of the landlord's title, and during the possession of the tenant, from whom the rent became due. In this case, the distress was made within the *time* limited ; the landlord's title continued ; but there is no averment that the plaintiff's *possession* continued. The question, then, arises, is the avowry good on general demurrer, without alleging that the plaintiff continued in possession of the demised premises when the distress was made ? It is a general rule that matter, which should come more properly from the other side, need not be stated. Unless the plaintiff's possession continued, there was no right of distress ; it was therefore matter of substance to allege the fact, in order to support the avowry. The proviso forms no part of the plaintiff's title ; he declares for unlawfully taking his goods. The de-

UTICA,
Aug. 1824.

Burr
v.
Van Buskirk.

fendant must rely on the right given by the 17th section, to support his avowries. That right is not general, but qualified. Without bringing himself within the proviso, the Court cannot say that any right to distrain existed. The proviso may be said to furnish matter of excuse or justification for the defendant, and need not be negatived in the declaration. (*Teel* v. *Fonda*, 4 *John.* 306.) I think the avowries bad on this ground.

There is another objection which seems to be conclusive. On the 13th *April*, 1820, (5 *vol. L.* 178, *b.*) an act passed to amend the act of *April* 5, 1813, concerning distresses. This was prior to the distress made, and, so far as it applies, must govern. It has made some material alterations, as to the right of the landlord to distrain. The 7th section declares that the landlord, within 30 days after the rent shall become due, may seize, as a distress, the goods or chattels of the lessee, which may have been conveyed away, or carried from the demised premises, and that so much of the 13th section of the act of 1813, as is repugnant thereto, be repealed. Here, then, it is manifest, that even if the defendant had brought himself within the *proviso* of the 17th section of the preceding act, his right must be governed by the 18th section as amended by the 7th section of the act of 1820. The effect of the amendment is to take away the right to seize the goods within 30 days after they were carried away, and, instead thereof, to authorize a seizure within 30 days *after the rent became due.* In this respect, the 13th section is repugnant to the 7th section. Before the passing of this act, the landlord, by virtue of the 17th section, could, if within its proviso, distrain in the same manner he might have done if the lease had not been determined ; that is, he might take the goods without reference to the time the rent became due, but within a certain time after they were conveyed away. After the act of 1820, there was no right to distrain goods off the premises in any case, but from the time the rent was payable. Although the general right to distrain, after the termination of the lease, is six months, by the 7th section, that right cannot be exercised, where more than 30 days have elapsed after the rent became due.

This alteration materially affects the security of the landlord; it is thereby lessened. Before the 13th April, 1820, if, at the end of the third quarter, the tenant removed his goods, the landlord might distrain within 30 days, for three quarters rent; but now, on the same state of facts, he can only distrain for the rent of the third quarter; because no more than that became due within thirty days. The landlord's right is, in like manner, restricted, where the term has ended : he would only be authorized to distrain for the last quarter of the term, because all the preceding quarters had been due more than 30 days; and, as to the last quarter, the right is lost unless exercised within that period.

In the avowries pleaded, the defendant claims rent for the third, fourth, and part of the second quarter, amounting to $250, and has distrained for that sum. All but the last quarter had been due more than 30 days, and the second quarter more than 6 months. The defendant had no right to distrain for more than the last quarter, and consequently the avowry is bad for all beyond that amount. Being materially defective in part, it is bad for the whole on general demurrer.

There is another defect in the avowry, which I incline to think material. The act of 11th April, 1815, (3 vol. L. 156, c.) declares that no landlord shall distrain in the city of New-York, before making an affidavit, stating the amount due for rent, and filing the affidavit in the Clerk's office. There is no averment that this step has been taken. Without it, the distress was illegal. This being matter within the knowledge of the defendant, and necessary for his defence, the fact ought to have been alleged in the avowry.

Judgment for plaintiff on the demurrer, with leave to the defendant to amend.

Rule accordingly.