TERBOSS *against* WILLIAMS.

ON demurrer to one of the plaintiff's pleas to the defendant's avowry. The action was replevin for certain household furniture, alleged to have been taken May 29th, 1823.

The defendant avowed the taking as a distress for rent, upon a demise from him to the plaintiff, of a certain hotel lot in Salem, Washington county, at $450, annual rent; and averred that the plaintiff enjoyed the premises, under a demise from the defendant, from the 1st day of February, 1816, until the 1st day of May, 1823; and from thence until, &c. That on the 1st day of February, 1823, $1350 rent was due for three years; and that, on the day mentioned in the declaration, after that sum became due, the plaintiff fraudulently and clandestinely removed the goods from the demised premises; and within 30 days thereafter, the defendant distrained them for the $1350 in arrear.

To this avowry the plaintiff interposed several pleas; one of which was, that all interest, title, term and estate which the plaintiff had by virtue of the demise, before the time when, &c. to wit, on the 1st of May, 1823, wholly ceased, determined and ended; and the plaintiff on that day wholly removed off, from and out of the possession of the premises; and had never since been in possession of the whole or any part; nor in any manner since that time been tenant to the defendant.

General demurrer and joinder.

*D. Russell* in support of the demurrer.

*S. Stevens*, contra, cited *Burr* v. *Van Buskirk*, (3 Cowen, 263, 269, 271;) 1 R. L. 438, s. 17; 5 Laws, 178, b. s. be good on general demurrer.

A wrong conclusion of a plea in bar, can be taken advantage of only by special demurrer

*A landlord cannot distrain goods for rent, after the term has expired; and the tenant has removed from the premises; and abandoned the possession; though 30 days after the goods are removed have not expired.*

*But during the term, the landlord may distrain the tenant's goods within thirty days after they are removed from the demised premises, though more than thirty days have elapsed between the rent falling due and the distress.*

*Where a plea simply denies certain facts set up in an avowry introducing no new matter, it should conclude to the country; but if it conclude with a verification, it will*

ALBANY,    17; 1 R. L. 347; Bradb. on Distr. 127; Pennant's case,
Feb. 1826.  (3 Rep. 54;) Co. Lit. 47, b.; 2 Saund. 284, b. note (2).

Lion
v.      *Curia*, per WOODWORTH, J.    The avowry alleges a sub-
Burtis. sisting demise and possession by the plaintiff, when the de-
fendant distrained the goods, fraudulently removed.    The
avowry is, therefore, sufficient.    (The opinion expressed in
*Burr* v. *Van Buskirk*, (3 Cow. 271,) that a distress off the
premises can only be made within thirty days after the rent
fell due, was not necessary to the decision of that cause ;
and on more full consideration must be overruled.(*a*)

The plea substantially takes issue on the material fact in
the avowry ; for if the plaintiff's interest ceased on the 1st
May, 1823, and he removed off the premises before the
time, when, &c. it negatives the averment, that the plain-
tiff was possessed, &c. as tenant to the defendant, at the
time of making the distress.    This fact being admitted by
the demurrer puts an end to the right of distress.    It is said,
the plea ought to have concluded to the country.    This is
correct ; but it is not cause for a general demurrer.    (2
Saund. 190, n. 5.)

I am of opinion that the plaintiff is entitled to judgment,
with leave to the defendant to amend.

                                        Rule accordingly.

(*a*) Vid. *Reynolds* v. *Shuler*, ante, 323.